NEGIN v MARSHALL Admr

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9078.   Decided Dec 24, 1928

Paul Stowe, Cleveland, for Negin.
Louis A Fisher, Cleveland, for Marshall.

VICKERY, J

Now we do not know whether there was any notice, because there is no bill of exceptions which sets out what took place at this hearing; but did the court commit error in this respect? Here, without the knowledge of the plaintiff or his counsel, when as a matter of fact the counsel had a written communication from the court, through its duly authorized clerk, that the case was assigned for the next day, for the 22nd day of December, the Court through mistake or inadvertence on the 21st, dismissed the action. Now if the court did enter such dismissal that day through mistake or inadvertence, it did it wrongfully and without any authority, which in our opinion did not operate as a discontinuance of the case. Now is it possible that, where the court makes a mistake and enters up a dismissal in an action, and subsequently learns of the mistake, that he cannot rectify the error that had been made, and thus prevent such drastic effect upon the rights of the plaintiff who was in no way responsible, in compelling him to pay the costs and making him bring his lawsuit over again? We do not think that, that is the law. The fact of it is the practice is the other way entirely.

Before a judgment can be vacated during term, or after term, two things must appear; First, a statutory ground which would excuse the defendant from not being in court, and second, a defense to the action, and that must not only be set up in the form of an answer, but it must be substantiated by proof which will show to the court that there is a proper defense in that action.

Now in this case there is nothing in this record to show either of these things, for it must be remembered there is no bill of exceptions which brings into the record what took place at the hearing and to argue in a reviewing court upon the record in this case that the court abused his discretion, is going far afield. We do not think, as the record stands in this case, that the court abused his discretion, nor, do we think he could have done other than he did do. In other words, it was not error upon oral motion, or upon his own initiative, to re-instate a case that had been inadvertently dismissed, even though the entry showed "without prejudice." That was only a formal entry and the plaintiff had nothing to do with it.

There being no error in this record, we can do no other but to affirm the judgment.

Sullivan, PJ, and Levine, J, concur.